**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **KV LAND LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO:** ___3:22-cv-25___ |
| | § | |
| **NRG TEXAS POWER, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff KV Land LLC ("KV") files this Original Complaint against Defendant NRG Texas Power, LLC ("NRG") seeking a judgment declaring that, under the terms of the February 2011 Special Warranty Deed ("Deed") transferring title to certain real property located in Galveston County, Texas from NRG to KV, NRG's much-belated April 2013 "Memorandum of Agreement" attempting to unilaterally add an encumbrance to that property is a legally void and invalid cloud on KV's title that must be expunged from the Galveston County real property records.

## PARTIES

1.      Plaintiff KV Land LLC is a Texas limited liability company that is a resident of South Dakota for diversity purposes.[1]

2.      Defendant NRG Texas Power LLC  is a Delaware limited liability company that is a wholly owned subsidiary of NRG Energy, Inc. (a publicly traded Delaware corporation)[2] and is

---

[1] KV's sole member is Southport Investments LP (a Delaware limited partnership) whose limited (99%) and general (1%) partners are both wholly owned by the South Song Trust (a South Dakota Trust) whose sole Trustee is the Trident Trust Company, Inc. (a South Dakota corporation).
[2] See, NRG Energy, Inc.'s latest SEC 10-K filing dated March 1, 2021 at Exhibit 21.1.

therefore a resident of Delaware for diversity purposes. NRG may be served with process by serving its registered agent for service of process in Texas: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

3.     This Court may properly exercise personal jurisdiction over these parties doing business in Texas and has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332, as the claims are between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4.     Venue here is proper because the real property that is the subject of the suit is located in Galveston County, Texas, within the Galveston Division of the Southern District of Texas.

## STATEMENT OF CLAIM

5.     After NRG shut down its P.H. Robinson Power Plant, it sold the land and remaining facilities (the "Power Plant Property") for approximately $13.5 million via a Purchase and Sale Agreement with Kemah Ventures LLC dated December 20, 2010 ("PSA"). The Power Plant Property is a real property tract containing approximately 1,062 acres of land located off Highway 146 in Texas City, Galveston County, Texas, more particularly described in Exhibit 1 attached hereto.

6.     Prior to closing, Kemah Ventures LLC assigned the right to purchase the Power Plant Property to KV. At closing, KV then paid the required purchase price and NRG delivered to KV the Special Warranty Deed dated February 2, 2011. (*See*, Exhibit 2 hereto). That Deed, as drafted by NRG's board-certified real estate counsel at Jackson Walker, was in the same form as was agreed to by the parties and attached to their executed PSA.

61671824;1

7.     While the PSA included a right for NRG to include a restriction in the Deed preventing any portion of the Power Plant Property from being used for the "Commercial Generation" of electricity as part of its Permitted Encumbrances, NRG elected not to exercise that right by not including that restriction in the extensive list of specifically enumerated Permitted Encumbrances in either the model form of the Special Warranty Deed agreed to by the parties and attached to their executed PSA or in the final executed Special Warranty Deed delivered to KV. KV accepted that Special Warranty Deed as written and agreed to, and duly recorded it in the real property records of Galveston County, Texas in February 2011.

8.     More than two (2) years later, and only after constructing a new peaker power generation plant on the property adjacent to KV's Power Plant Property, NRG apparently changed its mind and sought to restrict any local competition by trying to resurrect that encumbrance; requesting KV's agreement to materially modify the Special Warranty Deed to include a restrictive covenant prohibiting any commercial generation of electricity that would then run with the land (thereby binding not only KV but any subsequent purchaser as well).

9.     When KV declined to do so, NRG attempted to unilaterally modify the Special Warranty Deed by filing a document misleadingly styled a "Memorandum of Agreement" into the Galveston County real property records on April 23, 2013. That "Memorandum" purports "to give notice of the Agreement and the Restriction on Commercial Generation applicable to the Premises," specifically KV's Power Plant Property. (See, Exhibit 3 hereto).

10.     While quoting NRG's **right to include such a restriction** in the Deed, the Memorandum of Agreement misleadingly fails to give notice that (a) NRG elected **not to exercise that right** and, instead, (b) delivered a Special Warranty Deed to KV **without including that restriction** in its highly detailed list of Permitted Encumbrances. (*See*, Exhibit 2(B)).

61671824;1

11.     Under Texas law, NRG's Memorandum of Agreement is legally void and invalid being contrary to, and legally superseded by, the express terms of the Special Warranty Deed for the property.

> When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties. **'No rule of law is better settled than that where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is** *functus officio* **and the rights of the parties rest thereafter solely in the deed.'** [3]

12.     NRG's Memorandum of Agreement was therefore specifically filed with the express purpose of creating a cloud on KV's title to the Power Plant Property by casting doubt on the quality of KV's real property and falsely suggesting that the property is subject to encumbrances that impair KV's ability to use, sell or lease that property for the purpose for which it is uniquely well-suited, the commercial generation of electricity.

## PRAYER

13.     By these proceedings then, KV requests a declaratory judgment from this Court clearing the cloud on its title to the Power Plant Property by an order declaring the Memorandum of Agreement to be void and invalid and expunging it from all real property records in which it has been filed, including but not limited to the Galveston County, Texas real property records, and an award of all other relief, at law or in equity, to which KV may be justly entitled including its attorney's fees and costs of court.

---

[3] *Alvarado v. Bolton*, 749 S.W.2d 47, 48 & 49 (Tex. 1988) quoting *Devlin,* LAW OF DEEDS, Vol. 2, § 850a. *See, also,* *Chicago Title Ins. Co. v. Cochran Investments, Inc.*, 602 S.W.3d 895, 906-07 (Tex. 2020) and *Elite Operations, Inc. v. Union Pacific R. Co.*, 2015 WL 5474434 at *5 (S.D. Tx. Sept. 17, 2015) (same).

Respectfully submitted,

**AKERMAN LLP**

By: *Bruce Stanfill*
       **Wm. Bruce Stanfill**
       Texas Bar No. 19034350
       Southern District Bar No. 8889
       bruce.stanfill@akerman.com
       1300 Post Oak Boulevard, Suite 2300
       Houston, Texas 77056
       Telephone: (713) 623-0887
       Facsimile: (713) 960-1527

       **ATTORNEY-IN-CHARGE FOR PLAINTIFF KV LAND LLC**

**OF COUNSEL:**
**AKERMAN LLP**

**James E. Rogers**
Texas Bar No. 24051265
Southern District of Texas Federal ID: # 614580
james.rogers@akerman.com
1300 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
Telephone: 713-623-0887
Facsimile: 713-960-1527

61671824;1